Edward G. Baker, J.
In this action to recover for personal injuries alleged to have been sustained as a result of an accident which occurred on December 15, 1958, plaintiffs move to vacate and set aside an order made and entered May 29, 1962 granting on default defendant’s motion to dismiss the action for unreasonable neglect in the prosecution thereof.
It appears from the submitted papers that issue was joined in the action by the service of an answer to the complaint on July 28,1959, and that no steps were taken by plaintiffs to prosecute the action, after joinder of issue, until after the court granted the defendant’s motion to dismiss and an order was made and entered thereon. The delay of almost three years in the prosecution of the action clearly constituted unreasonable neglect on the part of plaintiffs and warranted a dismissal of the action by reason thereof.
Plaintiffs seek a vacatur of the order of dismissal upon the ground that their default in appearing in opposition to the motion upon which the order was made and entered resulted *627 from a failure of plaintiffs’ attorney to receive notification of defendant’s motion, notice of which had been served on the plaintiffs’ former attorney who allegedly failed to forward the papers to plaintiffs’ attorney or otherwise notify him of the motion. While the foregoing constitutes an explanation in excuse of the default suffered by plaintiffs, it is not in itself sufficient ground to warrant a vacatur of the dismissal, for the plaintiffs are required also to furnish a reasonable excuse for their neglect in prosecuting the action (Prokop v. City of New York, 9 A D 2d 788 [2d Dept.]).
The failure to diligently prosecute the action following the substitution of attorneys on or about February 26,1960 is apparently attributed, in the supporting affidavit of plaintiffs’ attorney, to the departure of plaintiffs for Puerto Eico and their failure to maintain contact with the attorney. No explanation is offered in the papers submitted in support of the instant motion for the failure to maintain contact. Under these circumstances the plaintiffs have not shown a reasonable excuse for their lack of diligence in prosecuting the action and the motion to vacate must therefore be denied.
Since, however, the plaintiffs may conceivably be able to show extenuating circumstances as respects their failure to maintain contact with their attorney, such as would constitute adequate excuse for the delay in prosecuting the action (see, e.g., Tortorici v. United States Gypsum Co., 3 A D 2d 945) and since no prejudice to the instant defendant appears to be involved, the motion is denied without prejudice to a renewal thereof by plaintiffs, if so advised, upon proper papers.